By the Court.
D., owner of a certificate entitling liirn to a deed for land from tire State on payment of a remainder of purchase-money, assigned it to S., who agreed to pay the State, and also to pay D. $3,072.63 on April 1, 1876. For this last payment, B. was surety for S. to D. 5., with D.’s knowledge, agreed to sell the certificate to B., and to deliver it so soon as B. should pay D. B. assigned this agreement and his interest in the land to F. and W. on February 28, 1877, retaining possession of the land, and a right to repurchase within twelve months by refunding the purchase-money and interest. D. then sued S. and B. on the original contract with him, recovered judgment for $909.94, the balance due him, and levied on the land on June 6,1877. In September, 1877, the land was liable to sale by the auditor, unless over $800 should be paid to the State. F. and W. agreed to pay this if B. would surrender to them his right to repurchase, and S. would assign and deliver to them the certificate. All this was then done. Afterwards D. sued on his levy, making 5., B. and F. and W. defendants, claimed a prior lien on the land, and prayed for sale and payment. The superior court decided in his favor. The district court reversed said judgment.
Held: 1. As D. took B. as security, he held no lien “in the nature of a vendor’s lien.” Is there such a lien? Quaere.
2. The levy held nothing but B.’s interest as it was when the levy was made; this was possession with a right to buy before March 1, 1878.
*636 3. As no tender of the purchase-money and interest was made to F. and W. within the year, B.’s rights ended on March 1, 1878, if not already lost by the surrender in September, 1877.
Judgment of district court affirmed.